IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ESTELITO BENJAMIN JR. AND KIMBERLY JO OF THE HOUSE OF CASTILLON, INDIVIDUALLY AND ON BEHALF OF THE HEIRS OF THE HOUSE OF CASTILLON AND THEIR ESTATES,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, *et al.*,<br><br>Defendants. | CIV. NO. 16-00675 DKW-KJM<br>[formerly MC 16-000359 DKW-KJM]<br><br>**DEFICIENCY ORDER** |

## DEFICIENCY ORDER

Plaintiffs Estelito Benjamin Jr. and Kimberly Jo of the House of Castillon,

proceeding pro se, filed a new action entitled in part, "Judicial Notice/Admissions:

Affidavit and Complaint/Writ of Assistance and Expedition/Writ of Safe Passage"

on December 19, 2016.  Because the "Judicial Notice/Admissions" pleading is not

part of an ongoing case, it was filed as a miscellaneous case, and Plaintiffs paid a

$58 filing fee.  The court has converted the miscellaneous case to a civil case.  The

new case number is Civil No. 16-00675 DKW-KJM.  All future filings shall reflect

the new case number.

All parties instituting any civil action, suit or proceeding in a United States district court, other than a writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a).  Due to the prior payment of a $58 miscellaneous filing fee, Plaintiffs' balance due for the civil filing fee is $342.

Plaintiffs have until January 27, 2017 to submit the balance due or an application to proceed *in forma pauperis* ("IFP").  An action may only proceed without prepayment of the filing fee if a party is granted leave to proceed IFP.  28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiffs must either pay the statutory filing fee or submit a fully-completed and executed IFP application by January 27, 2017.  Failure to do so will result in AUTOMATIC DISMISSAL of this action for failure to prosecute or otherwise follow a court order.  *See* Fed. R. Civ. P. 41(b); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (stating that the district court has authority to dismiss the complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).  Alternatively, Plaintiffs may file a Notice of Withdrawal of this action and obtain reimbursement of the $58 from the Clerk's Office, which will terminate this action.

In determining whether to proceed in this action, Plaintiffs should take heed that the "Judicial Notice/Admissions" filing is deficient on its face for several reasons, which they may not be able to overcome.  If Plaintiffs choose to proceed in this action, they must provide a basis for the court's subject matter jurisdiction. *See, e.g.,* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship).

Further, even if Plaintiffs establish the court's jurisdiction, they do not appear to be asserting any cognizable claim for which this court could provide relief against the named defendants.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  Private individuals have no authority to call for a grand jury investigation or criminal indictment for violation of the federal criminal statutes listed in Plaintiffs' pleading, nor does the court have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States.  *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

IT IS HEREBY ORDERED that:

1.	The Clerk of Court is DIRECTED to send Plaintiffs a copy of this Order and the Court's Application to Proceed *in forma pauperis* with

the accompanying information sheet.

2.      Plaintiffs are GRANTED until **January 27, 2017** to (a) pay the

balance of the court's $400 filing fee; (b) file a Notice of Withdrawal

of this action and obtain reimbursement of the $58 they have already

paid to the Clerk's Office; or (c) submit a completed and executed

application to proceed *in forma pauperis* on the form provided by the

court with this Order.  The application must bear the docket number

(that is, Civil No. 16-00675 DKW-KJM) assigned to this case.

3.      Failure to timely file an *in forma pauperis* application, file a Notice of

Withdrawal, or pay the balance of the statutory filing fee ($400 - $58

= $342) by **January 27, 2017** will result in AUTOMATIC

DISMISSAL of this action.

IT IS SO ORDERED.

DATED: December 28, 2016 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Castillon v. JPMorgan Chase Bank et al.,* CV. 16-00675 DKW-KJM;
**DEFICIENCY ORDER**

4